[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 163.]

THE STATE OF OHIO, APPELLANT, *v*. WADDELL, APPELLEE.

[Cite as *State v. Waddell*, 1996-Ohio-100.]

*Trial procedure—Trial court has discretion to permit or prohibit note-taking by jurors—When note-taking is permitted, trial court should instruct jurors they are not required to take notes—Cautionary instructions to jurors about note-taking.*

————————————

1. A trial court has the discretion to permit or prohibit note-taking by jurors. If a trial court determines that a particular case warrants note-taking, the court can, *sua sponte*, furnish jurors with materials for taking notes and instruct the jurors that they are permitted to take notes during the trial.

2. When instructing jurors that note-taking is permitted, the trial court should also instruct the jurors that they are not required to take notes.

3. If note-taking is permitted, the trial court should caution the jurors that their notes are to be confidential, that note-taking should not divert their attention from hearing the evidence in the case, that a juror who has not taken notes should not be influenced by those jurors who decide to take notes, and that notes taken by jurors are to be used solely as memory aids and should not be allowed to take precedence over their independent memory of facts. (*Corbin v. Cleveland* [1944], 144 Ohio St. 32, 28 O.O. 562, 56 N.E.2d 214, overruled to the extent inconsistent herewith.)

————————————

(No. 94-2462—Submitted January 9, 1996—Decided March 4, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 94APA03-328.

————————————

**{¶ 1}** On August 30, 1993, the Franklin County Grand Jury indicted Ebenezer M. Waddell, appellee, for the murder of Franky A. Tention (Count One) and for having a weapon while under disability (Count Two). Both counts of the indictment carried a firearm specification. In addition, Count Two contained a specification alleging that appellee had previously been convicted of a violence offense.

**{¶ 2}** The case proceeded to trial. Appellee waived his right to a jury trial with respect to the allegations contained in Count Two of the indictment and the matter was tried before the court. The charges contained in Count One of the indictment were tried before a jury.

**{¶ 3}** At the onset of voir dire, the trial court, *sua sponte*, furnished prospective jurors with notepads and informed the jurors that they would be permitted to take notes of the evidence during the trial, but cautioned them about the proper use of the notes. Specifically, the trial court stated to the jurors that:

"I'll tell you about the pads. I permit notes to be taken. I permit it, but you don't have to take notes. That's your business, whether you take notes or whether you don't take notes. If you find it's distracting to take notes -- excuse me, don't take them. Again, as I say, that's up to you. If you think it helps you to remember, then take the notes.

"Remember this, the notes are only an aid to your memory. Your memory is what matters in here and what you remember. The notes should not take precedence over what you remember. You remember what you remember and rely upon your memories.

"Those jurors who do not take notes should not be influenced by the others simply because they take notes because as I said, they are only an assistance to another's memory. Besides, they might have got it wrong. So rely upon your own memory.

"When we take -- when we recess for a break or overnight, just leave the pad on your chair and we'll take care of it.  Nobody's going to read them.  We'll gather them up, lock them up in the jury room and get them distributed.  When you come back they will be -- that is overnight.  Those notes, you can use them in deliberations when you are deciding the case.

"When the case is over, we'll tear them up the notes and throw them away. We'll save the pads, that's saving money, but other than that no one's going to read your notes or have anything to do with them.

"That's all I have preliminarily.  It's probably enough."

{¶ 4} Subsequently, a jury was impaneled, sworn and the case proceeded. Ultimately, appellee was found guilty of all charges and specifications alleged in the indictment.

{¶ 5} On appeal, the Court of Appeals for Franklin County, in a split decision, reversed appellee's convictions with respect to the  allegations contained in Count One of the indictment and remanded the cause for a new trial.  The court of appeals stated that "without request of the parties, and without specifically affording the parties a chance to object, the trial court instructed the prospective jurors that the trial court permitted the jurors to take notes during the trial and furnished pads for that purpose, although no juror was required to take notes."  In this regard, the court of appeals, citing *Corbin v. Cleveland* (1944), 144 Ohio St. 32, 28 O.O. 562, 56 N.E.2d 214, and *State v. Kehn* (1977), 50 Ohio St.2d 11, 4 O.O.3d 74, 361 N.E.2d 1330, held that "it is improper for the trial court to permit jurors to take notes without the consent of the parties * * *, and that a juror taking notes constitutes misconduct of the juror * * *."

{¶ 6} The cause is now before this court pursuant to the allowance of a discretionary appeal on the issue of juror note-taking.

_____

*Michael Miller*, Franklin County Prosecuting Attorney, and *Katherine Press*, Assistant Prosecuting Attorney, for appellant.

*David J. Graeff*, for appellee.

_____

**DOUGLAS, J.**

**{¶ 7}** Appellee contends that the actions of the trial court, furnishing the prospective jurors with notepads and instructing the jurors that they were permitted to take notes, amounted to prejudicial error. Therefore, urges appellee, the court of appeals was correct in reversing the judgment of the trial court and remanding the cause for a new trial. We disagree.

**{¶ 8}** As an initial matter, we note that appellee did not timely object to the actions of the trial court. In considering this matter, the court of appeals concluded that neither counsel for appellee nor counsel for appellant was afforded an opportunity to object. The court of appeals determined that the trial court had already made the determination that it would permit jurors to take notes and, therefore, any opposition by either party would have been "fruitless." The court, citing Crim.R. 51,[1] found that an objection by appellee was not required to preserve the matter for appeal.

**{¶ 9}** However, we have thoroughly examined the record in this case and there is no indication that appellee was ever prevented from objecting to actions of the trial court. In fact, the record reflects that appellee was actually afforded an opportunity to object, but specifically declined to do so. Moreover, we find that Crim.R. 51 is not applicable in this case. Crim.R. 51 states that an exception is not required in order to lay a foundation for review if the matter "*has been called to the*

_____

1. Crim.R. 51 states that:

"An exception, at any stage or step of the case or matter, is unnecessary to lay a foundation for review, whenever a matter has been called to the attention of the court by objection, motion, or otherwise, and the court has ruled thereon."

*attention of the court by objection, motion, or otherwise, and the court has ruled thereon.*" (Emphasis added.) The matters complained of by appellee were never called to the attention of the trial court by objection, or otherwise, and, consequently, the court never made a ruling thereon.

{¶ 10} Immediately following the instructions in question, the trial court asked counsel for both parties if "there [was] anything that counsel want me to add about anything at this point?" Responding to this question, counsel for both parties stated, "No." Indeed, any error thought by appellee to be inherent in the taking of notes by jurors could have been brought to the attention of the trial court at this time or before the jury retired to consider its verdict. See Crim.R. 30(A).[2] Thus, we conclude that appellee's failure to object to the actions of the trial court constitutes a waiver of any error involved. *State v. Moreland* (1990), 50 Ohio St.3d 58, 62, 552 N.E.2d 894, 899; and *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364, paragraph one of the syllabus, vacated in part on other grounds, *Williams v. Ohio* (1978), 438 U.S. 911, 98 S.Ct. 3137, 57 L.Ed.2d 1156. Therefore, our discretionary review of this issue must proceed, if at all, under the plain-error analysis of Crim.R. 52(B), and, in order to warrant a reversal of the convictions, appellee must establish that the outcome of the trial would clearly have been different but for the trial court's allegedly improper actions. *Moreland*, *supra*, 50 Ohio St.3d at 63, 552 N.E.2d at 900.

{¶ 11} There is nothing in the record that convinces us that but for the actions of the trial court the jury would not have convicted appellee of the

---

2. Crim.R. 30(A) states, in part, that:

"On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury."

While note-taking by the jurors would have ceased when the jury was about to retire to conduct their deliberations, counsel for either of the parties could have objected to any notes being taken into the jury room by any juror.

allegations contained in Count One of the indictment. In fact, there is nothing in the record which indicates, and appellee does not allege, that any notes were even taken by the jurors during the course of the trial. Thus, we fail to see how the trial court's allegedly improper actions alone could have affected the outcome of the trial if, in fact, no notes were ever taken.

{¶ 12} Appellee, nevertheless, argues that a trial court commits reversible error, as a matter of law, if the court, on its own initiative, supplies jurors with materials for the taking of notes and instructs the jurors that note-taking is permitted during the trial. In support of his position that such action by a trial court amounts to reversible error *per se*, appellee cites *Corbin*, *supra*. In this regard, appellee claims that the court of appeals was correct in concluding that "it is improper for a trial court to permit jurors to take notes without the consent of the parties."

{¶ 13} In *Corbin*, a plaintiff sued the city of Cleveland, alleging that she was injured when she stepped into a hole in a city sidewalk. After the jury had been impaneled and sworn, the trial court, without the request of either party, and in fact over their objections, suggested to the jurors that they would be permitted to take notes during the trial. The trial court furnished the jurors with the necessary materials for taking notes and instructed them how their notes should be kept during the course of the trial. A verdict and judgment was rendered in favor of the city. On appeal, the court of appeals reversed the judgment of the trial court, holding, *inter alia*, that the trial court committed reversible error in encouraging jurors to take notes over the objections of the parties. On further appeal, this court held that the court of appeals was correct in granting the plaintiff a new trial. In reaching this conclusion, we quoted portions of the court of appeals' opinion in that case, wherein the appellate court held, in part, that:

"'Not intending to modify the rule as set forth in the * * * earlier Ohio cases that find that there is no prejudicial error in permitting a juror at his own discretion to take an occasional note, and that when his conduct is discovered or observed it

is within the discretion of the court whether he should be directed to stop or be permitted to continue, *yet, where the court without the request of either of the litigants and in fact over their objections, as in the instant case,* suggests to the jurors that they may take notes and furnishes to each juror, without the juror's request, the necessary materials for taking notes, together with instructions as to how they shall be kept during the trial, the court goes far beyond what is commonly accepted as good trial practice even in those jurisdictions where the right of jurors to take notes is fully recognized. Such conduct on the part of the court could easily be interpreted by the jurors as indicating that it is a part of their duty as jurors to take notes even though their personal aptitudes would disqualify them from attempting to try a case in that fashion.'" (Emphasis added.) *Id.*, 144 Ohio St. at 35-36, 28 O.O. at 564, 56 N.E.2d at 215.

{¶ 14} *Corbin* is clearly distinguishable from the case at bar. Unlike the defendant in *Corbin*, appellee in the case before us did not object to the actions of the trial court. Further, given appellee's failure to object at trial and his response to the court's inquiry immediately following the instructions in question, it could reasonably be concluded that appellee consented, at least tacitly, to the actions of the trial court. See, *e.g.*, *State v. Mason* (Dec. 22, 1994), Franklin App. No. 94 APA03-411, unreported. In any event, insofar as *Corbin* might be relied upon as a blanket prohibition that a trial court may not, as a matter of law, *sua sponte,* furnish jurors with materials for taking notes and/or instruct jurors that note-taking is permissible, or that juror note-taking is to be viewed, generally, with suspicion, we find that *Corbin* no longer has any validity in this state. Indeed, *Corbin* has been the subject of some criticism. See, *e.g.*, *In re Appropriation of Easements for Highway Purposes Over Property of Hulbert* (C.P. 1961), 16 O.O.2d 465, 469-470, 176 N.E.2d 881, 885-886; and Note, Trial Procedure—Note Taking by Jurors—Misconduct of Court in Instructing Jury to Take Notes Over Objections of Litigants (1945), 43 Mich.L.Rev. 803, 804-805 ("It would seem that whether or not the court

should voluntarily request the jury to take notes should rest in the sound discretion of the trial judge.").

{¶ 15} "The rule in Ohio is that notetaking by a juror does not, by itself, constitute unfair prejudice to the defendant." *State v. Loza* (1994), 71 Ohio St.3d 61, 74, 641 N.E.2d 1082, 1099. Further, the decision whether jurors should be permitted to take notes in a particular case is a matter better left to the sound discretion of the trial court, and reversible error exists only if the court acts unreasonably, arbitrarily or unconscionably. See *State v. Williams* (1992), 80 Ohio App.3d 648, 610 N.E.2d 545; *Loza*, *supra* (The trial court did not abuse its discretion in allowing jurors to take notes during trial and use their notes during deliberations.); and *State v. Wilson* (1996), 74 Ohio St.3d 381, 389, ___ N.E.2d ___, ___ (The trial court did not err in supplying jurors with notebooks and in instructing the jury that they could take notes during the trial.). The rule that a trial court has the discretion to permit or prohibit juror note-taking is also embodied in the Ohio Jury Instructions. See 1 Ohio Jury Instructions (1995) 107, Section 2.52 and 4 Ohio Jury Instructions (1995) 22, Section 402.52. These jury instructions appear to reflect the modern and majority view in this country.

{¶ 16} Issues involving juror note-taking have received considerable attention not only from courts in this state but also from virtually every jurisdiction. It appears that the vast majority of jurisdictions which have considered such matters entrust the decision of whether jurors should be permitted to take notes to the sound discretion of the trial court. *Esaw v. Friedman* (1991), 217 Conn. 553, 559, 586 A.2d 1164, 1167. Indeed, this appears to be the view among virtually every federal appellate court and numerous state courts. See *id.* at 559-560, 586 A.2d at 1167-1168, for a collection of cases. See, also, *United States v. Maclean* (C.A.3, 1978), 578 F.2d 64, 65; and Annotation, Taking and Use of Trial Notes by Jury (1967 & Supp. 1995), 14 A.L.R.3d 831, 834-840, and cases cited therein. We also note that the Eighth Circuit Court of Appeals, in considering an issue strikingly similar to

8

that raised in this case, held in *United States v. Anthony* (C.A.8, 1977), 565 F.2d 533, that the trial court did not abuse its discretion in *sua sponte* furnishing the jury with notebooks and pencils and simultaneously instructing them that they might find it helpful to take notes, but that they were not required to do so.

**{¶ 17}** Clearly, the taking of notes by jurors in an appropriate case can be beneficial. It can be a legitimate aid in refreshing memory, enabling jurors to reach a proper result. See *People v. DiLuca* (1982), 85 A.D. 439, 443, 448 N.Y.S.2d 730, 733; and Annotation, *supra*, 14 A.L.R.3d at 834 ("Those courts which have held note-taking proper describe it as a legitimate aid to the memory which enables jurors to reach a more equitable verdict, and dismiss contrary considerations as anachronisms from times when few men were literate."). As was cogently pointed out by the trial court in *United States v. Carlisi* (E.D. N.Y. 1940), 32 F. Supp. 479, 483:

"* * * There is no legal reason why such notes should not be made by jurors. Judges and lawyers make notes, why not jurors? Certainly the making of notes would better aid their memories and thus enable them to more intelligently consider the evidence.

"While it did not happen in this case I see no objection to all jurors, if they desire, making notes which could be used by them to refresh their recollections, when we realize that the purpose of a law suit is to do justice rather than make it a game of chance. The Courts should make progress with the times."

**{¶ 18}** Further, the Connecticut Supreme Court, when confronted with the issue whether jurors may be permitted to take notes during a trial, held in *Esaw*, *supra*, 217 Conn. at 563-564, 586 A.2d at 1169-1170, that:

"Finally, considerations of sound judicial policy and faith in the common sense of jurors lead us to conclude that a trial judge should have the discretion to permit such a procedure. The human memory is fallible, and notes may significantly aid in recalling evidence. Judges sitting as trial courts routinely take

9

notes, as do students, business persons, journalists and people in all walks of life who are intent on being able to recall later the specifics of what they see and hear. As a matter of ordinary human experience, we usually have no compunctions about the ability of these people to engage in the process and use its product appropriately. There is no valid reason to treat jurors, who after all are chosen from the same pool of experience, any differently. * * *"

{¶ 19} We are also cognizant of the arguments against the taking of notes by jurors. See, *e.g.*, *Maclean*, *supra*, 578 F.2d at 66; *Esaw*, *supra*, 217 Conn. at 562, 586 A.2d at 1169; and Annotation, *supra*, 14 A.L.R.3d at 834. For instance, one of the arguments against note-taking is that jurors who take notes may become distracted from the evidence and witnesses. See *Corbin*, *supra*, 144 Ohio St. at 34-35, 28 O.O. at 563, 56 N.E.2d at 215. See, also, *Williams*, *supra*, 80 Ohio App.3d at 652, 610 N.E.2d at 547. However, "[t]he risk that taking notes may distract a juror is no greater than the possibility that taking notes may increase the juror's attention to the testimony." *Esaw*, *supra*, 217 Conn. at 562, 586 A.2d at 1169. See, also, *State v. Trujillo* (Mo.App. 1994), 869 S.W.2d 844, 849 ("[I]t is just as likely that note-taking will increase their [the jurors'] observation and attention to the matters at hand rather than diminish their concentration."). Indeed, it appears that for each of the arguments against note-taking there is a legitimate response. See *Esaw*, *supra*, 217 Conn. at 562, 586 A.2d at 1169. In any event, we believe that the benefits of juror note-taking "are substantial enough to allow trial judges to decide, in each case, whether note-taking should be permitted. Since the value of note-taking will vary according to the complexity and quantitative nature of each trial as well as according to the abilities and desires of the jurors, the decision on whether to permit note-taking is best left to the trial judge to make based on the circumstances of each case. 'It is the [trial] judge * * * who has the ultimate responsibility for the conduct of a fair and lawful trial.' *Lakeside v. Oregon*, 435 U.S. 333, 341[-342], 98 S.Ct. 1091, 1096, 55 L.Ed.2d 319[, 326] (1978)." *Maclean*,

*supra*, 578 F.2d at 66. Further, potential dangers associated with juror note-taking "can be substantially avoided by proper instruction to the jury." *Id*., 578 F.2d at 66. See, also, *Esaw* 217 Conn. at 563, 586 A.2d at 1169.

{¶ 20} Based on all the foregoing, we hold that a trial court has the discretion to permit or prohibit note-taking by jurors. If a trial court determines that a particular case warrants note-taking, the court can, *sua sponte*, furnish jurors with materials for taking notes and instruct the jurors that they are permitted to take notes during the trial. When instructing jurors that note-taking is permitted, the trial court should also instruct the jurors that they are not required to take notes. If note-taking is permitted, the trial court should caution the jurors that their notes are to be confidential, that note-taking should not divert their attention from hearing the evidence in the case, that a juror who has not taken notes should not be influenced by those jurors who decide to take notes, and that notes taken by jurors are to be used solely as memory aids and should not be allowed to take precedence over their independent memory of facts.

{¶ 21} In the case before us, the trial court furnished prospective jurors with notepads and informed them that they were permitted to take notes during the trial. While the trial court's actions could be interpreted as encouraging or promoting the taking of notes of evidence, the court by no means mandated that the jurors take notes or indicated to them that note-taking was part of their duty as jurors. See *Corbin*, *supra*, 144 Ohio St. at 35-36, 28 O.O. at 564, 56 N.E.2d at 215. The trial court not only instructed the jurors that they could take notes, but, importantly, also informed them that they were not required to do so. Further, and equally important, the trial court cautioned the jurors that their notes were confidential, that the notes were to be used as memory aids and should not take precedence over independent memory of facts, that those jurors who chose not to take notes should not be influenced by those who did take notes, and that note-taking should not distract them from hearing the evidence presented.

**{¶ 22}** The trial court obviously made the determination that this particular case was a case that might warrant note-taking.  There is no indication that the trial court acted unreasonably, arbitrarily, or unconscionably.  Accordingly, we reverse the judgment of the court of appeals and reinstate appellee's convictions.

*Judgment reversed.*

MOYER, C.J., WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

————————————