[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, Tony Welch, was indicted for four counts of gross sexual imposition, four counts of rape, and three counts of corruption of a minor. He was found guilty after a bench trial of two counts of gross sexual imposition and three counts of rape. He then received a sentence of two years' incarceration for the gross-sexual-imposition conviction and a concurrent sentence of ten to twenty-five years' incarceration for the rape conviction.[1] The court also found Welch to be a sexual predator. The court dismissed those counts where it could not make a guilty finding. Welch appeals his convictions claiming (1) that a mistrial should have been declared due to prosecutorial misconduct and (2) that the convictions were against the manifest weight of the evidence.
In Welch's first assignment of error, he claims that a mistrial should have been ordered because of the prosecutorial misconduct reflected in the leading questions asked of one of the victims and in the attempted introduction of "other acts" evidence. Welch, however, did not move for a mistrial. Thus, he waived any claim of error on the part of the trial court except for plain error. See State v. Joseph (1995), 73 Ohio St.3d 450,653 N.E.2d 285. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." Crim.R. 52(B). An appellate court will not reverse for plain error unless an appellant establishes that the outcome of the trial clearly would have been different but for the alleged error. See State v. Waddell (1996), 75 Ohio St.3d 163,661 N.E.2d 1043. Notice of plain error is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. See State v.Phillips (1995), 74 Ohio St.3d 72, 656 N.E.2d 643.
The record demonstrates that Welch's attorney objected to the prosecutor's leading questions. The record also reflects that the trial court sustained those objections. Furthermore, the trial court went to great lengths to set forth in the record that it was not considering any evidence regarding "other acts" that may have been committed by Welch but were not properly presented at trial. We also note that this case was tried to the court, and not to a jury. Consequently, we are not faced with a situation where the jury may have disregarded the trial court's instructions and considered evidence not properly before the court. Since Welch has not demonstrated how the outcome of his trial would have been different, or that the trial court's failure to sua sponte order a mistrial was a manifest miscarriage of justice, we overrule the first assignment of error.
In his second assignment of error, Welch claims that the findings of guilt were against the manifest weight of the evidence.[2] We, therefore, review the record, weigh the evidence and the reasonable inferences drawn from that evidence, consider the credibility of the witnesses, and determine whether the trier of fact lost its way in finding Welch guilty. See State v.Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541; State v.Martin (1983), 20 Ohio App.3d 172, 485 N.E.2d 717. Only if the evidence weighs heavily against a conviction will this court reverse the conviction and order a new trial. See Thompkins,supra. The weight of the evidence proved guilt beyond a reasonable doubt for three out of four gross-sexual-imposition counts and for all of the rape counts. The trial court did not make findings of guilt on any of the corruption-of-a-minor counts. The court specifically stated that it was making a guilty finding on only those counts that were supported by the testimony of both victims. We hold, therefore, that the trial court properly weighed the evidence and did not lose its way in arriving at its findings of guilt. Thus, the second assignment of error is overruled.
The judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
GORMAN and WINKLER, JJ.
HILDEBRANDT, Presiding Judge.
[1] Welch was sentenced according to the sentencing guidelines in effect at the time he committed the offenses, which was prior to the 1996 enactment of Am.Sub.S.B. No. 2, with its provisions for definite terms of incarceration.
[2] The issue presented for review and argument by Welch asks whether the "guilty finding on the charge of domestic violence" was against the manifest weight of the evidence. The record does not reflect a conviction for domestic violence; however, we have reviewed the convictions of record to determine whether those convictions were contrary to the manifest weight of the evidence.