DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas that found appellant guilty of one count of involuntary manslaughter and one count of felonious assault. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignments of error:
"FIRST ASSIGNMENT OF ERROR:
 "PROSECUTORIAL MISCONDUCT DURING REBUTTAL CLOSING ARGUMENT DEPRIVED APPELLANT OF A FAIR TRIAL. (TR. 1186-1187.)
"SECOND ASSIGNMENT OF ERROR:
 "APPELLANT RECEIVED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL COUNSEL DID NOT OBJECT TO PROSECUTORIAL MISCONDUCT AND TO IMPROPER QUESTIONING BY THE PROSECUTOR. (TR. 983, 986, 1187.)"
The facts that are relevant to the issues raised on appeal are as follows. Appellant was indicted on one count of murder and one count of felonious assault in connection with the shooting death of Edward Green and the assault of Durrel Galloway as the victims drove past appellant's house on August 20, 1997. Firearm specifications were attached to both counts of the indictment. The case came to trial on April 20, 1998, and on April 23, the jury returned verdicts of guilty of the lesser included offense of involuntary manslaughter in the commission of a felony and guilty of felonious assault. It is from that judgment that appellant appeals.
In support of his first assignment of error, appellant sets forth three claims of prosecutorial misconduct during rebuttal closing argument. Appellant first asserts that the prosecutor improperly referred to his failure to talk to the police about the shooting when detectives were in his neighborhood investigating the incident the night it occurred. Next, appellant asserts that the prosecutor accused him of tailoring his testimony to the evidence that was presented prior to his own testimony. Finally, appellant asserts that the prosecutor accused defense counsel of cowardice, of fabricating evidence and of attempting to shift the burden of proof to the defense.
We will first consider appellant's claim that the prosecutor improperly commented on his "exercise of his right to silence" by stating: "The first time he has publicly given a statement in regard to this case was to you people. That's the first time he spoke." The prosecutor was referring to the fact that appellant had not talked to the police when they began investigating the case and did not make any statements until he testified at trial.
The Supreme Court of Ohio has noted that the prosecution "* * * is entitled to a certain degree of latitude in summation, * * *" State v.Lott (1990), 51 Ohio St.3d 160, 165, citing State v. Liberatore (1982),69 Ohio St.2d 583, 589. Further, "in the tension and turmoil of a trial, both the prosecution and the defense have wide latitude in summation as to what the evidence has shown and what reasonable inferences may be drawn therefrom." Lott, supra, at 165, citing State v.Stephens (1970), 24 Ohio St.2d 76, 82.
The issue herein is one of pre-arrest silence, not one of a post-arrest decision to remain silent after being Mirandized. The prosecutor did not refer to appellant's decision to exercise his right to remain silent after his arrest. When the prosecutor's closing argument is read in its entirety, it appears that the comment to which appellant objects was made in reference to appellant's claim of self-defense. The prosecutor was questioning why appellant did not speak up right away and explain his side of the story to the police if he truly had been defending himself at the time of the shooting. Based on the foregoing, this court finds that the reference to appellant's silence prior to testifying at trial did not amount to prosecutorial misconduct and this argument is without merit.
The record indicates that trial counsel did not object to the other two allegedly improper remarks. Those alleged errors therefore were not properly preserved for appeal and are, accordingly, waived. See State v.Wogenstahl (1996), 75 Ohio St.3d 344. Our review of the second two comments, therefore, is discretionary and limited to plain error only. Crim.R. 52(B). While Crim.R. 52(B) provides that "* * * plain errors or defects affecting substantial rights may be noticed although they are not brought to the attention of the trial court[,]" notice of plain error must be taken with the utmost caution, under exceptional circumstances, and only in order to prevent a manifest miscarriage of justice. Statev. Long, (1978), 53 Ohio St.2d 91; State v. Landrum (1990),53 Ohio St.3d 107, 111; State v. Franklin (1991), 62 Ohio St.3d 118,128. In order to prevail on a claim governed by the plain error standard, appellant must demonstrate that the outcome of his trial would clearly have been different but for the errors he alleges. See State v.Waddell (1996), 75 Ohio St.3d 163, 166. Thus, the alleged prosecutorial misconduct constitutes plain error only if it is clear that appellant would not have been convicted in the absence of the improper comments. See State v. Slagle (1992), 65 Ohio St.3d 597, 605. In cases such as this, the plain error standard generally presents "an almost insurmountable obstacle to reversal." State v. Carpenter (1996),116 Ohio App.3d 615, 621.
Appellant asserts that the prosecutor accused him of tailoring his testimony to other evidence presented in his case prior to appellant's testimony when he commented:
 "And isn't it convenient for him [appellant] that he gets to sit here in the courtroom, listening to every piece of evidence, and then, for the very first time say this is what happened because I can tailor exactly what happened to the facts the State presented."
Appellant argues that the statement was objectionable because it expressed the prosecutor's view of the veracity of his testimony. InPortuondo v. Agard (2000), 120 S.Ct. 1119, the United States Supreme Court reviewed an appeals court judgment which found that a prosecutor's summation comment was unconstitutional. The Supreme Court reasoned that allowing comment on the fact that the defendant's presence in the courtroom provided him a unique opportunity to listen to the other witnesses and tailor his testimony was appropriate and "sometimes essential" to the central function of the trial to discover the truth.Portuondo held that because the prosecutor's comments concerned the defendant's credibility as a witness, "they were therefore in accord with the Court's longstanding rule that when a defendant takes the stand, his credibility may be assailed like that of any other witness — a rule that serves the trial's truth-seeking function. Perry v. Leeke (1989),488 U.S. 272, 282 * * *." Portuondo, supra, paragraph one of the syllabus. Based on the foregoing, we find that the prosecutor's comment did not amount to plain error and this argument is without merit.
Appellant also argues that the prosecutor "impugned the integrity of defense counsel," while at the same time attempting to shift the burden of proof to the defense, when he commented:
 "I mean that was the Defense tactic. I mean even Mr. Kaplan, he reserved his right. He didn't have the courage to stand up in front of you before the evidence was presented to you and state what he was going to show. He didn't do that, he reserved his right. He wanted to see what the State was going to prove before he even made a statement to you. That was an old defense tactic, let the State put on their case and then we will make up a version that fits it, and that's what they did."
As to appellant's claim that the prosecutor impugned the integrity of defense counsel, that argument is without merit. The prosecutor's comment was directed at counsel's trial tactic and does not appear to this court to have been directed toward counsel's personal integrity.
Appellant also asserts that the prosecutor attempted through the comment quoted above to "shift the burden of proof" to the defense by "pretending" that the defense had an obligation to inform the jury of its approach to the case before the state presented any evidence. While the prosecutor's comment on defense counsel's decision to waive opening statement until after the state presented its case-in-chief certainly was critical of the tactic, there is no reference in the statement to a burden of proof, let alone a suggestion that the defense had the burden of proving anything at trial. Accordingly, we find that this comment did not amount to plain error and this argument is without merit.
Accordingly, based on the foregoing, appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant asserts that he was denied effective assistance of counsel when his attorney failed to object to prosecutorial misconduct and to improper questions by the prosecutor. To prevail on a claim of ineffective assistance of counsel, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. This standard requires appellant to satisfy a two-part test. First, appellant must show that counsel's representation fell below an objective standard of reasonableness. Second, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different when considering the totality of the evidence that was before the court.Strickland v. Washington (1984), 466 U.S. 668. This test is applied in the context of Ohio law that states that a properly licensed attorney is presumed competent. State v. Hamblin (1988), 37 Ohio St.3d 153.
The first part of appellant's argument is clearly without merit based on our finding above that the prosecutor's statements did not amount to misconduct. Since the statements were not improper, counsel was not ineffective for failing to object.
Appellant also claims that trial counsel should have objected to the following:
"Q. When did you talk to the police?
 "A. I never did talk to the police. When I turned myself in I —
"Q. There's no question.
"A. Okay."
Just as the appellant herein, the defendant in Jenkins v. Anderson
(1980), 447 U.S. 231, testified on his own behalf and asserted self-defense. The U.S. Supreme Court found in Jenkins that a criminal defendant's Fifth and Fourteenth Amendment rights are not violated by the use of pre-arrest silence to impeach the defendant's credibility. Impeachment follows the defendant's own decision to cast aside his cloak of silence and advances the truth finding function of the criminal trial. Id.
Similarly, in Fletcher v. Weir (1982), 455 U.S. 603, a criminal defendant testified on his own behalf that he stabbed the decedent in self-defense. As in the case before us, the defendant's testimony was the first occasion on which he offered an exculpatory version of the stabbing. The prosecutor in Fletcher cross-examined the defendant as to why, when arrested, he failed to advance this explanation to the arresting officers. The Supreme Court found that, "in the absence of the sort of affirmative assurances embodied in the Miranda warnings, we do not believe that it violates due process of law for a State to permit cross-examination as to postarrest silence when a defendant chooses to take the stand." Id. at 607.
In both Jenkins and Fletcher, the court found that each state is entitled to resolve issues surrounding the impeachment of a defendant by use of pre-arrest or post-arrest silence under its own rules of evidence. Ohio courts have held that inquiries into pre-arrest silence are permissible where the evidence is relevant under Evid.R. 611(B).State v. Sharif (Mar. 7, 1991), Cuyahoga App. No. 58041, unreported. InState v. Boyd (May 28, 1992), Cuyahoga App. No. 60639, unreported, the court cited to State v. Sabbah (1982), 13 Ohio App.3d 124, for the proposition that such cross-examination is reasonable under circumstances where it was natural and reasonable to expect the defendant would come forward with an exculpatory communication to the police. Failure to tell the police about self-defense is a proper subject of inquiry. Boyd,supra.
Based upon our review of the record and the law as stated above, this court finds that the prosecutor's question was not improper and defense counsel was not ineffective for failing to object. Accordingly, appellant's second assignment of error is not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J., JUDGES
 ____________________________ Richard W. Knepper, P.J.,