DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas that found appellant guilty of one count of attempted murder in violation of R.C. 2903.02 and 2923.02 and one count of aggravated burglary in violation of R.C. 2911.11(A)(1). For the following reasons, this court affirms the judgment of the trial court.
Appellant sets forth the following assignments of error:
 "FIRST ASSIGNMENT OF ERROR: REPEATED PROSECUTORIAL MISCONDUCT DURING REBUTTAL CLOSING ARGUMENT DENIED APPELLANT HIS RIGHT TO A FAIR TRIAL.
 "SECOND ASSIGNMENT OF ERROR: INSOFAR AS THE FIRST ASSIGNMENT OF ERROR MAY BE DEEMED WAIVED BY COUNSEL'S FAILURE TO OBJECT TO THE PROSECUTORIAL MISCONDUCT, MR. McGEE RECEIVED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL.
 "THIRD ASSIGNMENT OF ERROR: TRIAL COUNSEL SHOULD HAVE RENEWED THE MOTION TO SUPPRESS DURING TRIAL WHEN THE EVIDENCE DEMONSTRATED THAT APPELLANT WAS TOLD THAT INVOKING HIS RIGHT TO COUNSEL WOULD RESULT IN INCARCERATION. (TR. 457)
 "FOURTH ASSIGNMENT OF ERROR: EVEN IF THE INDIVIDUAL FAILURES OF COUNSEL IN THIS CASE ARE NOT DEEMED PREJUDICIAL, THEIR CUMULATIVE EFFECT REQUIRES REVERSAL."
The undisputed facts that are relevant to the issues raised on appeal are as follows. On March 5, 1999, appellant was indicted on one count of rape, one count of attempted murder, one count of aggravated burglary and one count of kidnaping in connection with the assault of Delissa McGee in her home on March 1, 1999. On June 10, 1999, appellant filed a motion to suppress statements he made to police when he was taken into custody several hours after the assault. Following a hearing on June 30, 1999, the trial court denied appellant's motion to suppress. The case came to trial before a jury on July 26, 27 and 28, 1999. On July 29, 1999, the jury found appellant guilty of attempted murder and aggravated burglary and not guilty of the other charges. It is from that judgment that appellant appeals.
In his first assignment of error, appellant asserts that he was prejudiced by several improper remarks made by the prosecutor during rebuttal closing argument. The record indicates, however, that defense counsel did not object to the allegedly improper remarks. Those alleged errors therefore were not properly preserved for appeal and are, accordingly, waived. See State v. Wogenstahl (1996), 75 Ohio St.3d 344. Our review of the comments, therefore, is discretionary and limited to plain error only. Crim.R. 52(B). While Crim.R. 52(B) provides that "* * * plain errors or defects affecting substantial rights may be noticed although they are not brought to the attention of the trial court[,]" notice of plain error must be taken with the utmost caution, under exceptional circumstances, and only in order to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91; State v.Landrum (1990), 53 Ohio St.3d 107, 111; State v. Franklin (1991),62 Ohio St.3d 118, 128. In order to prevail on a claim governed by the plain error standard, appellant must demonstrate that the outcome of his trial would clearly have been different but for the errors he alleges. See State v. Waddell (1996), 75 Ohio St.3d 163, 166. Thus, the alleged prosecutorial misconduct constitutes plain error only if it is clear that appellant would not have been convicted in the absence of the improper comments. See State v. Slagle (1992), 65 Ohio St.3d 597, 605. In cases such as this, the plain error standard generally presents "an almost insurmountable obstacle to reversal." State v. Carpenter (1996),116 Ohio App.3d 615, 621.
Appellant cites eight separate comments made by the prosecutor during closing argument as having been improper and asserts that he was prejudiced thereby. Several of the statements clearly were harmless and did not merit intervention by the court or objection by defense counsel. The Supreme Court of Ohio has noted that the prosecution "* * * is entitled to a certain degree of latitude in summation, * * *." State v.Lott (1990), 51 Ohio St.3d 160, 165, citing State v. Liberatore (1982),69 Ohio St.2d 583, 589. Further, "in the tension and turmoil of a trial, both the prosecution and the defense have wide latitude in summation as to what the evidence has shown and what reasonable inferences may be drawn therefrom." Lott, supra, at 165, citing State v. Stephens (1970),24 Ohio St.2d 76, 82.
Appellant calls our attention to the prosecutor's reference to appellant having made a statement to police and to four statements that appellant had lied. Appellant also asserts that the prosecutor made up evidence and attempted to inflame the jury by stating that appellant was "a very mean person." Appellant does not set forth specific arguments as to how or why each of the remarks was improper, but rather appears to assert that they had a cumulative effect and were especially prejudicial in light of the fact that "the only specific evidence" concerning the assault came from the victim.
As to the prosecutor's comment that appellant had given a statement to a detective the night of the assault, we find that comment to be harmless and not one that would warrant an objection by defense counsel. The prosecutor did not repeat the detective's testimony as to the statement but merely said the detective "* * * told you what the defendant told him on the night in question * * *." Appellant also asserts that the prosecutor "made up evidence" when he inferred that appellant knew the victim was alone before he entered her house and referred to a car that photographs of the crime scene did not show. The reference to the absence of a car in front of the victim's house was only one sentence with no follow-up or emphasis. The jury clearly could recall that there was no testimony as to whether the victim's husband's car was parked outside the house at the time of the attack. "The jury should be given credit for sufficient common sense and sound judgment to discount * * *" unsubstantiated remarks. State v. Woodards (1966), 6 Ohio St.2d 14, 26.
The only comments cited by appellant which warrant closer examination are the several statements that appellant was "lying" and was "a liar." It is not improper for the prosecution to comment fairly on the credibility of witnesses based on their in-court testimony. Carpenter,supra, at 624, citations omitted. While a prosecutor may argue that certain evidence tends to make a witness more or less credible, he may not state his own belief as to whether a witness is telling the truth.Id., citations omitted. The prosecutor in this case, however, clearly went beyond merely arguing reasonable inferences from the facts and asserted as fact that appellant lied. This was improper.
In order to find this assignment of error well-taken, however, we would be required to find that the outcome of the trial clearly would have been different were it not for the prosecutor's improper comments. This court has thoroughly reviewed the entire transcript of the trial. The jury heard the witness unequivocally identify appellant, her stepson, as the person who, for a period of several minutes, inflicted between fifty and one hundred knife wounds over her entire body. They also heard a nurse testify that it took doctors eight hours to suture all of the victim's wounds. The jury heard a police officer testify that one of the shirts appellant was wearing when he took appellant into custody later that night had several spots of blood on it and that appellant's mother handed the officer a pair of blood-covered shoes that belonged to appellant. Further, appellant testified on his own behalf and admitted that he was in the victim's house and that he fought with her and inflicted the wounds she suffered.
Based on the entire record of proceedings in the trial court, this court finds that the results of the trial would not have been different were it not for the prosecutor's comments and, accordingly, appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant asserts that defense counsel's failure to object to those same remarks constituted ineffective assistance of counsel. The performance of trial counsel will be determined to constitute ineffective assistance of counsel only where appellant demonstrates that the representation failed to meet an objective standard of reasonable representation and resulted in prejudice.Strickland v. Washington (1984), 466 U.S. 668; State v. Bradley (1989),42 Ohio St.3d 136, paragraph two of the syllabus. Prejudice is demonstrated by a showing of a reasonable probability that, but for trial counsel's unreasonably unprofessional performance, the result of the proceeding would have been different. Strickland, supra, at 694.Strickland, supra, further stated that "* * *[s]ome errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have an isolated, trivial effect * * *." 466 U.S. at 695-96.
We have carefully considered the entire record of proceedings in the trial court and based thereon find that the prosecutor's comments did not have "a pervasive effect on the inferences to be drawn from the evidence" thereby seriously undermining the reliability of the verdict in this case. Accordingly, we are unable to find that there is a reasonable probability that but for counsel's comments the result of the trial would have been different. Accordingly, appellant's second assignment of error is not well-taken.
In his third assignment of error, appellant asserts that trial counsel should have renewed the motion to suppress during trial when the evidence demonstrated that appellant had been told that if he chose not to speak to a detective and asked for a lawyer he would go to jail. The "evidence" to which appellant refers consists of the following statement by Detective Navarre: "I says fine, if you want to talk to a lawyer I am not allowed to talk to you. So I will grab your water and you can go to jail." Appellant argues that the detective's statement at the jail amounted to a coercive tactic and that when Detective Navarre testified as to what he had told appellant, defense counsel should have renewed the motion to suppress the statement appellant made later that night.
Appellant does not present any argument as to how he was prejudiced by testimony regarding the statements he made the night he was arrested. Furthermore, appellant again has failed to show that there is a reasonable probability that the results of the trial would have been different were it not for counsel's actions — in this instance, counsel's failure to renew the motion to suppress. See Strickland,supra. Accordingly, appellant's third assignment of error is not well-taken.
In support of his fourth assignment of error, appellant asserts that he was prejudiced by the cumulative effect of trial counsel's failures, even if none of counsel's errors individually amount to ineffective assistance of counsel. The Supreme Court of Ohio has recognized the doctrine of cumulative error when numerous "harmless errors" are combined. State v.DeMarco (1987), 31 Ohio St.3d 191 . In order for the doctrine of cumulative error to be applicable, however, an appellate court must find that multiple errors, none of which individually rose to the level of prejudicial error, actually occurred in the trial court. In this case, our review of appellant's first three assignments of error has failed to lead us to the conclusion that trial counsel committed any errors, harmless or otherwise. Accordingly, there was no "cumulative error" and appellant's fourth assignment of error is not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J. John R. Milligan,J. CONCUR.
Judge John R. Milligan, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.