OPINION
Defendant-appellant Joshua E. Traxler ("Traxler") brings this appeal from the judgment of the Court of Common Pleas of Seneca County.
On January 19, 2000, Traxler was indicted for trafficking in cocaine, in violation of R.C. 2925.03(A)(C)(4)(a), a felony of the fourth degree. Traxler was arraigned on May 17, 2000, and a trial date was set for September 21, 2000. On September 8, 2000, the trial court granted the State's motion for a continuance until September 29, 2000.
On September 28, 2000, the trial court held a hearing on the grounds that Traxler wished to change his plea. Traxler, however, was not given notice of the hearing, so the trial court refused to accept the change of plea and informed counsel that he would not accept any future change of plea. On September 29, 2000, the morning of trial, the trial court was notified by Traxler that he still wished to change his plea to guilty, but the court refused to accept the plea and the trial commenced. At the start of the trial, the trial court informed counsel that the jurors would be permitted to take notes and to use these notes during deliberations. Traxler's attorney objected and was overruled. At the end of the trial, Traxler was found guilty.
Traxler claims the following assignments of error.
 The trial court erred to the prejudice of Traxler in that it arbitrarily denied him the opportunity to plead guilty to the charges in the indictment, and as such the trial court abused its discretion.
 The trial court erred to the prejudice of Traxler when over the objection of Traxler it permitted jurors to take notes during testimony and to take the notes into the jury room during deliberations.
 In the first assignment of error, Traxler claims that the trial court should have permitted him to plead guilty. The trial court relied upon Local Court Rule 25.05, which states in pertinent part:
 If the defendant wishes to enter a plea of guilty, the plea will take place at that time. If the defendant does not wish to enter a plea of guilty, that decision is placed on the record. After this date the Court will accept no plea except to the original charge(s).
 Here, Traxler wished to plead guilty to the indictment. Thus, the local rule does not prohibit the acceptance of the guilty plea. However, the decision to accept a guilty plea to a felony charge is within the sound discretion of the trial court. Crim.R. 11. Additionally, Traxler was not prejudiced by the refusal. The effect of the refusal was that a trial was held and Traxler was found guilty of the same charge to which he was going to plead. Traxler does not claim that he was in any way injured by the jury trial or that his sentence was harsher due to the trial. Thus, there is no basis for finding that the trial court abused its discretion. The first assignment of error is overruled.
The second assignment of error claims that the trial court erred by permitting the jurors to take notes during the trial.
 "The rule in Ohio is that notetaking by a juror does not, by itself constitute unfair prejudice to the defendant." . . . Further, the decision whether jurors should be permitted to take notes in a particular case is a matter better left to the sound discretion of the trial court, and reversible error exists only if the court acts unreasonably, arbitrarily or unconscionably.
 State v. Waddell (1996), 75 Ohio St.3d 163, 168, 661 N.E.2d 1043. The Supreme Court in Waddell
concluded that advising the jurors that they may take notes is within the sound discretion of the trial court as long as the trial court also advises the jurors that they need not take notes if they do not wish to do so. Id.
In this case, Traxler argues that there was no reason for the jurors to take notes since it was a fairly short and uncomplicated case. However, the trial court concluded that the jurors should be permitted to take notes. The trial court properly advised the jury of the purpose of the notes and properly informed the jurors that they need not take notes and that they should not rely primarily on the notes, but on their own memories. Additionally, Traxler has not shown how he was prejudiced by the jurors taking notes or that the trial court abused its discretion in permitting the notes. The second assignment of error is overruled.
The judgment of the Court of Common Pleas of Seneca County is affirmed.
Judgment affirmed.
 WALTERS, P.J., and SHAW, J., concur.