JOURNAL ENTRY AND OPINION
Lisa Julius appeals from a judgment of the common pleas court entered pursuant to a jury verdict finding her guilty of trafficking in cocaine in connection with her sale of twenty dollars worth of crack cocaine to Kenneth Burnett, an informant who assisted members of the East Cleveland Police Department by purchasing the cocaine from her with a marked twenty dollar bill. Police thereafter executed a search warrant at the East Cleveland apartment building, located and searched Julius, recovered $580 from her, including the previously marked twenty dollar bill, and then arrested her.
On appeal, Julius asserts ineffective assistance of counsel and complains that the trial court erroneously admitted hearsay and character evidence at trial and permitted improper prosecutorial comments. Upon review of the record, we have concluded that the trial court did not err in these respects and that Julius received effective assistance of counsel. Accordingly, we affirm the judgment of conviction.
The record here reveals that on or about January 21, 2000, members of the East Cleveland Police Department enlisted Kenneth Burnett, a convicted felon, and paid him to gain entry into an apartment located at 1722 East 133rd Street in the City of East Cleveland where he purchased one rock of crack cocaine for twenty dollars from Lisa Julius with marked money. Upon a subsequent search of that apartment unit, police found what they suspected to be cocaine base in an ashtray and recovered the marked twenty-dollar bill from Julius. Also, police arrested apartment residents Charley Portis and Deborah Smith, both of whom gave written statements to police identifying Julius as the female who had sold the crack cocaine earlier on January 21, 2000, and indicating she had done so on previous occasions. Prior to trial, Portis and Smith made additional written statements which Julius introduced into evidence at trial, purportedly to diminish Julius' culpability. At trial, Portis, the 88-year-old custodian who lived in the apartment with his 34-year-old girlfriend Smith, testified he had not completely read the statement he gave to the police before he had signed it.
Prior to trial, defense counsel argued a motion to suppress, alleging the police executed the search warrant at the wrong apartment; the court denied this motion. At trial, defense counsel did not object to the statements given to police by Portis and Smith and subsequently offered their additional statements.
Following the close of evidence, the jury deliberated and returned a verdict finding Julius guilty of trafficking in cocaine. She now appeals and raises three assignments of error. The first states:
 I. MS. JULIUS WAS DENIED HER RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN HER ATTORNEY FAILED TO PURSUE HER SUPPRESSION MOTION AND FAILED TO OBJECT TO IMPROPERLY ADMITTED EVIDENCE AND IMPROPER ARGUMENT OF THE PROSECUTION.
Julius alleges that her defense counsel, Catherine Hayes, rendered ineffective assistance to her in that she failed to vigorously pursue a motion to suppress on a mistaken belief that her client had no standing to raise the issue, and that she also failed to object to hearsay evidence, character evidence, and allegedly improper prosecutorial comments during closing arguments. The state's view is that the assignment is not well taken because her lack of success on the search warrant suppression and the court's rulings on evidence are not errors of defense counsel, and the state asserts its closing argument did not deny Julius a fair trial.
On January 20, 2000, defense counsel filed a motion to suppress, which the court denied prior to trial (Tr. 16). The appellate challenge is that defense counsel did not rebut the state's contention that Julius lacked standing to contest the validity of the search warrant because she did not sign the lease or live in the apartment, urging on appeal that Julius should not have been subjected to a search despite the warrant authorizing a search of the occupants of the apartment.
The challenge fails to demonstrate ineffective assistance of counsel. To sustain a position that his counsel had been ineffective, a defendant must demonstrate that trial counsel's performance fell below the objective standard of reasonable competence under the circumstances and that, but for such deficiency, the outcome of the trial would have been different. See Strickland v. Washington (1986), 466 U.S. 668; State v. Bradley (1989), 42 Ohio St.3d 136.
Here, the circumstances surrounding the case reveal not only that Burnett purchased cocaine from a female from that apartment less than an hour before the police entered with a warrant authorizing them to search occupants of the apartment, but also that defense counsel raised the issue regarding her belief that police searched the wrong apartment and whether police had been authorized to search her client if they had entered the proper apartment.
Given the burden that to establish ineffective assistance of counsel, Julius must demonstrate both deficient performance and a different outcome, our review of the record does not reveal Julius met her burden of proof. Initially, counsel raised the proper motion and the trial court, after review, denied it. Considering the circumstances surrounding the arrest in this case, we are not convinced either that police detectives entered the wrong apartment or that they lacked probable cause to search Julius. Accordingly, this position is not well taken.
Regarding the use of the written statements of Charley Portis and Deborah Smith, the claim that their use at trial constitutes ineffective assistance is not well taken. The transcript indicates these had been marked by the state as Exhibits 17 and 18, but that additional edited statements had been marked as defense exhibits O and P for exculpatory purposes. We cannot equate unsuccessful defense trial strategy with ineffective assistance of counsel.
Julius next claims her counsel failed to object to evidence contained in Exhibits 17 and 18 that she had previously sold drugs, contending a violation of Evid.R. 404 and R.C. 2945.59. The state urges this other acts evidence argument to be disingenuous since Julius moved to admit Exhibits O and P and should not be able to claim ineffective assistance on this trial strategy.
Evid.R. 404(B) states:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
See also R.C. 2945.59.
Here, a review of the statements of both Smith and Portis indicate they had seen Julius selling cocaine from the apartment on previous occasions. Hence, our review reveals no Evid.R. 404 problem because this evidence goes not only to identity but also to scheme, plan, opportunity, intent, preparation or absence of mistake. It does not, in our review, meet the standard to establish ineffective assistance of counsel.
Concerning defense counsel's failure to object to the state's allegedly improper closing argument, our attention is invited to the prosecutor's alleged ad hominum comment that defense counsel would try to misdirect the jury and an alleged personal comment regarding the evidence, I don't see how we can challenge their chain of custody.
Given the context of the case, the verdict returned by the jury as guilty on only the second count, and the burden to establish that, but for counsel's error, the outcome of trial would have been different, and considering the other evidence of guilt presented by eyewitnesses and retrieval of the marked twenty-dollar bill, we are not convinced Julius received ineffective assistance of counsel at trial. This assignment of error is overruled.
 II. THE TRIAL COURT COMMITTED PLAIN ERROR BY THE ADMISSION OF INADMISSIBLE HEARSAY AND CHARACTER EVIDENCE.
Julius also urges that admission of the other act evidence referred to above constitutes plain error. Crim.R. 52(B) states:
 Plain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.
In State v. Waddell (1996), 75 Ohio St.3d 163, the court there considered a plain error analysis of alleged prejudice resulting from juror note-taking. The court stated the following and permitted the standard for this kind of review at page 166:
 * * * [O]ur discretionary review of this issue must proceed, if at all, under the plain-error analysis of Crim.R. 52(B), and, in order to warrant a reversal of the convictions, appellee must establish that the outcome of the trial would clearly have been different but for the court's allegedly improper actions. Moreland, supra, 50 Ohio St.3d at 63, 522 N.E.2d at 900.
In State v. Davis (1975), 44 Ohio App.2d 335, our court stated at 347-348:
 The Ohio test then for determining whether the admission of inflammtory and otherwise erroneous evidence is harmless non-constitutional error requires the reviewing court to look at the whole record, leaving out the disputed evidence, and then to decide whether there is other substantial evidence to support the guilty verdict. If there is substantial evidence, the conviction should be affirmed, but if there is not other substantial evidence, then the error is not harmless and a reversal is mandated.
 This test is similar to the one propounded for harmless constitutional error in Chapman and Harrington, supra. However, under the Ohio test the burden is on the accused to show that he was or may have been prejudiced thereby while under the constitutional test the burden is on the prosecution to show beyond a reasonable doubt that the error was harmless. The Ohio test requires substantial evidence exclusive of the tainted material to find the error harmless while the constitutional test requires overwhelming evidence exclusive of the tainted material to find the error harmless beyond a reasonable doubt. The constitutional test provides a more exacting standard presumably because the accused has suffered a violation of his constitutionally-protected rights. [Footnotes omitted.]
Here, counsel invites our attention back to the admissions of the Smith and Portis statements for review, despite the fact that defense counsel wanted them admitted into evidence. We have previously considered this issue as part of the ineffective assistance of counsel claim presented in the first assignment of error. Our review in light of Waddell and Davis does not change our conclusion as reached in the first assignment of error when we considered this claim as part of alleged ineffective assistance of counsel; the substantial evidence of guilt, exclusive of the allegedly tainted evidence, does not lead to the conclusion that the outcome of the trial would clearly have been different if the court had excluded that evidence. Smith and Portis testified they saw Julius sell cocaine, Burnett identified her as the seller, and the police recovered the marked twenty-dollar bill found among the $580 in bills taken from her on the night of her arrest. Nothing before us suggests that, but for the admissions of these statements, the jury would not have found Julius guilty of trafficking in cocaine. We have, therefore, concluded this assignment of error is not well taken.
 III. THE TRIAL COURT COMMITTED PLAIN ERROR BY ALLOWING THE PROSECUTOR'S IMPROPER COMMENTS.
Lastly, Julius urges without elaboration that the court erred by not curbing the prosecutor in closing argument. The state points out that the record contains no objection and urges therefore that appellate review has been waived.
In State v. Lott (1990), 51 Ohio St.3d 160, the court stated at 165:
 The test for prosecutorial misconduct is whether remarks are improper and, if so, whether they prejudicially affected substantial rights of the accused. [Citations omitted.]
Initially, our review leads to the conclusion that the remarks do not constitute error; further, the prosecutor correctly argues that absent an objection, such error is waived. See State v. Johnson (1989),46 Ohio St.3d 96. However, Julius seeks a plain error analysis of the matter. As we have previously considered the law in this regard, our conclusion is that, but for the allegedly objectionable arguments of counsel, Julius has not demonstrated the outcome of trial would have been any different. This assignment of error is, therefore, not well taken.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
It is ordered that a special mandate issue out of this court directing the Common Plea Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J. AND JAMES D. SWEENEY, J. CONCUR.