DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas that found appellant guilty of one count of aggravated burglary with a firearm specification. For the following reasons, the judgment of the trial court is affirmed in part and reversed in part and remanded to the trial court for further proceedings.
 {¶ 2} Appellant sets forth two assignments of error:
 {¶ 3} "I. Appellant was denied a fair trial due to prosecutorial misconduct.
 {¶ 4} "II. The trial court erred in ordering appellant to pay restitution in the amount of $15,000."
 {¶ 5} The undisputed facts relevant to the issues raised on appeal are as follows. On July 16, 2003, appellant was indicted on one count of aggravated burglary in violation of R.C. 2911.11. On October 16, 2003, a second indictment was filed containing a firearm specification. The two indictments were combined without objection by appellant. The matter proceeded to a jury trial on January 21, 2004, and appellant was found guilty as charged in the indictment. The trial court sentenced appellant to ten years incarceration on the aggravated burglary count and three years on the firearm specification to be served consecutively. Additionally, the trial court ordered appellant to pay $15,000 in restitution. It is from that judgment that appellant appeals.
 {¶ 6} In his first assignment of error, appellant asserts he was deprived of a fair trial because the prosecutor made improper comments during closing argument. Appellant argues the prosecutor improperly asked the jury to abandon its role as an impartial finder of fact and view the matter from the victims' position. The comments about which appellant complains were as follows:
 {¶ 7} "I'm going to ask you to put yourself in the position of Juan and Terry Delgado. You move to Wood County, Ohio, to a new residence eight days prior to this horrible event. You go to bed at your normal time at around nine, ten o'clock. And you suddenly awaken at four o'clock in the morning or around that time, three-thirty, four by four men pounding their way into their house, running down the hallway yelling and screaming, `Police! Get down! Get down!' With guns pointed directly at you by these four men with masks and gloves on their hands, and again pointing guns directly at you, yanking you out of your bed in your very own home."
 {¶ 8} Assuming the prosecutor erred, the defense did not object, thereby waiving this issue absent a showing of plain error. See State v.Wogenstahl (1996), 75 Ohio St. 3d 344. Our review of this issue, therefore, is discretionary and limited to plain error only. Crim.R. 52(B). While Crim.R. 52(B) provides that "* * * plain errors or defects affecting substantial rights may be noticed although they are not brought to the attention of the trial court[,]" notice of plain error must be taken with the utmost caution, under exceptional circumstances, and only in order to prevent a manifest miscarriage of justice. State v. Long
(1978), 53 Ohio St. 2d 91; State v. Landrum (1990), 53 Ohio St. 3d 107,111; State v. Franklin (1991), 62 Ohio St. 3d 118, 128. In order to prevail on a claim governed by the plain error standard, appellant must demonstrate that the outcome of his trial would clearly have been different but for the error. See State v. Waddell (1996),75 Ohio St. 3d 163, 166. Thus, the alleged prosecutorial misconduct constitutes plain error only if it is clear that appellant would not have been convicted in the absence of the improper comments. See State v.Slagle (1992), 65 Ohio St. 3d 597, 605. In cases such as this, the plain error standard generally presents "an almost insurmountable obstacle to reversal." State v. Carpenter (1996), 116 Ohio App. 3d 615, 621.
 {¶ 9} Plain error does not exist here. This court has reviewed the transcript of appellant's trial, which includes extensive testimony from Terry Delgado, who identified appellant as one of the men who forced their way into her home in the middle of the night while she and her husband slept. She further identified appellant as the one who first came through their bedroom door, pulled her out of bed and held a gun to her head.
 {¶ 10} Based on our review of the evidence admitted at trial, we find appellant has not demonstrated that the outcome of his trial would clearly have been different but for the error he alleges. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 11} In his second assignment of error, appellant asserts that there is no record of economic loss suffered by the victims and the trial court erred by ordering him to pay restitution of $15,000. The state concedes there was insufficient evidence in the record to support restitution as ordered.
 {¶ 12} This court has held that restitution ordered pursuant to R.C.2929.18(A)(1) must be supported by competent, credible evidence from which the trial court can discern the amount of restitution to a reasonable degree of certainty. State v. DiJohn (May 14, 1999), 6th Dist. App. No. L-98-1295, citing State v. Brumback (1996),109 Ohio App. 3d 65, 83. While it is apparent the Delgados suffered some economic loss, there is no evidence, in the record, to support the trial court's restitution order of $15,000.
 {¶ 13} Accordingly, we find there was no competent, credible evidence from which the trial court could ascertain the actual economic damages suffered by the victims. The court erred in ordering appellant to pay restitution of $15,000. Appellant's second assignment of error is well-taken.
 {¶ 14} On consideration whereof, the judgment of the Wood County Court of Common Pleas is reversed with regard to the restitution order and affirmed in all other respects. This cause is remanded for further proceedings on the restitution matter consistent with this decision. Costs of this appeal are to be shared by the parties equally.
Judgment reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Parish, J., Skow, J., concur.