This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Ronald Kobelka ("Kobelka") appeals his conviction from the Lorain County Court of Common Pleas. We affirm.
 I.
On November 7, 1999, Officer Welsh stopped Kobelka for speeding. After a brief conversation outside of their vehicles, a physical altercation ensued. On January 5, 2000, the Lorain County Grand Jury indicted Kobelka for assault of Officer Welsh, in violation of R.C. 2903.13(A). Before trial, the trial court granted Kobelka's motion in limine to exclude testimony or evidence regarding Kobelka's previous encounters with the Elyria Police Department.
The case proceeded to a jury trial. The state presented evidence from Sergeant Hammonds and Officers Welsh, Darmstadt and Scott. The defense's sole witness was Kobelka. Kobelka was found guilty of assaulting a police officer and the trial court sentenced him to six months in jail.
This appeal followed.
 II.
Assignment of Error:
 RONALD KOBELKA'S RIGHT TO A FAIR TRIAL GUARANTEED BY THE DUE PROCESS PROVISIONS OF ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WERE VIOLATED BY THE MISCONDUCT OF THE PROSECUTOR.
In his sole assignment of error, Kobelka argues that prosecutor's misconduct violated his right to a fair trial. Kobelka asserts that the prosecutor: 1) violated a motion in limine ruling by allowing a witness to testify about Kobelka's prior experience with the Elyria Police Department and 2) conducted an improper cross-examination of Kobelka. We disagree.
The test for prosecutorial misconduct is whether the prosecutor's remarks were improper and, if so, whether they prejudicially affected substantial rights of the accused. State v. Moore (1998),81 Ohio St.3d 22, 33, citing State v. Smith (1984), 14 Ohio St.3d 13,14. To establish prejudice, an accused must show that there is a reasonable probability that, but for the prosecutor's improper remarks, the result of the proceeding would have been different. State v. Loza
(1994), 71 Ohio St.3d 61, 83.
1. Motion in Limine
Kobelka asserts that the prosecutor made improper remarks during the direct examination of Officer Scott. At trial, Officer Scott testified that he was present in the booking room on the evening of Kobelka's arrest. In response to the prosecutor's question "[a]nd what occurred in relation to you?," Officer Scott stated:
 [a]s soon as [Kobelka] walked through the doors with the officers, they had him in custody, he looked straight at me — — as I stated before, he knew me from a prior experience — — and said, "Are you B.T. Scott?" I said, "Yes, I am." And he commented "You're the one that raped my wife."
The defense attorney objected to this testimony. The trial court sustained the objection, struck Officer Scott's statement and instructed the jury to disregard the statement.
Kobelka argues that his right to a fair trial was prejudiced by the prosecutor's misconduct because the trial court had previously granted Kobelka's motion in limine to exclude evidence or testimony regarding Kobelka's previous encounters with the Elyria Police Department, specifically a December 7, 1998 incident. A ruling on a motion in limine is a "precautionary ruling by the trial court reflecting its anticipatory treatment of the evidentiary issue." State v. Grubb (1986),28 Ohio St.3d 199, 201-202. Thus it is contemplated that the disputed material will again be placed before the court, so that it can make its definitive ruling in the context of the actual evidence as it comes forward at trial; in bringing up the matter again, the prosecutor was doing nothing more than what was required to make that process work.
Kobelka has failed to demonstrate a reasonable probability that but for the prosecutor's conduct the outcome of the trial would have been different. Without a showing that Kobelka's right to a fair trial was prejudiced, there is no reversible error.
2. Cross-examination
On appeal, Kobelka asserts that the prosecutor conducted an improper cross-examination. Specifically, the prosecutor repeatedly asked Kobelka questions that forced him to state his opinion that Officer Welsh and Sergeant Hammonds were liars. The record reflects that the defense attorney failed to object to any of these questions throughout Kobelka's cross-examination.
Because Kobelka did not object to the alleged prosecutorial misconduct, he has waived any claim of error but plain error. State v.Joseph (1995), 73 Ohio St.3d 450, 461. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." Crim.R. 52(B). A plain error must be obvious on the record, such that it should have been apparent to the trial court without objection. See State v. Tichon
(1995), 102 Ohio App.3d 758, 767.
We will not reverse for plain error unless the appellant established that the outcome of the trial clearly would have been different but for the alleged error. State v. Waddell (1996), 75 Ohio St.3d 163, 166. Notice of plain error is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Phillips (1995), 74 Ohio St.3d 72, 83.
Kobelka has not established that the outcome of the trial without the challenged portions of the prosecutor's cross-examination would have been different or the existence of exceptional circumstances invoking plain error in order to prevent a manifest miscarriage of justice. In view of those factors, we do not find plain error.
Having found no error prejudicial to Kobelka, we overrule his sole assignment of error and affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
CARR, J. and WHITMORE, J. concur.