JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Anthony Brown ("appellant") appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I. {¶ 2} According to the case, appellant was charged in Cuyahoga County Case No. CR-459197 in a two-count indictment, count one being failure to verify address, in violation of R.C.2950.06, and count two being failure to provide notice of change of address, in violation of R.C. 2950.05, both felonies of the fourth degree. Pretrial conferences were held, and this matter proceeded to a jury trial on March 21, 2005. At the conclusion of trial, count two was dismissed pursuant to a motion for Rule 29, and appellant was found guilty of count one of the indictment, failure to verify address. On March 24, 2005, appellant was sentenced to nine months in prison at the Lorain Correctional Institution. Appellant was advised that he[1] would be subject to a period of post-release control upon his release from prison.
 {¶ 3} According to the facts, the state presented three witnesses at trial: Mary Brzozowski, Gerald Coats, and Deputy Dave Tompkins. Both Brzozowski and Tompkins work for the Cuyahoga County Sheriff's Department and are familiar with the reporting requirements for sexually oriented offenders and, more specifically, appellant's responsibility for reporting as a sexually oriented offender. Coats is an Adult Parole Authority supervisor in charge of the parole for appellant.
 {¶ 4} Mary Brzozowski testified that prior to her present assignment, she was assigned to the sex offender unit for three years. The sex offender unit is located on the first floor of the Justice Center. Her duties while working in the sex offender unit were to register all sex offenders and to send them reminder notices. She sent at least 30 reminder notices a day, reminding individuals that they need to come and register. The first notice was sent by regular mail and, if there was no response, the second notice was sent by certified mail. All the notices were sent to individuals who resided within Cuyahoga County.
 {¶ 5} Brzozowski testified that she knows appellant. She met appellant at least three times when he came in to register and change his address. Brzozowski also testified that appellant came to the sheriff's office on March 26, 2004 to give a change of address. She further testified that appellant was required to register on June 7 of each year and was required to register his address for ten years from the date of July 1997. Any period of incarceration would prolong the registration time.
 {¶ 6} On cross-examination, Brzozowski testified that she did not know who would have informed the appellant that he was required to register his address. On redirect, she testified that appellant was convicted of gross sexual imposition, which is an offense that obligated appellant to register. She further testified that appellant signed a form indicating that he was required to verify his residence address for a period of ten years.
 {¶ 7} Gerald Coats, a supervisor of a sex offender unit for the Adult Parole Authority, testified for the state. Prior to being a supervisor, he was a parole officer and supervised appellant at that time. He supervised appellant when he was placed on post-release control in June or July 1998. Coats further testified that reporting as a sex offender is a different requirement than reporting for post-release control. He testified that when appellant was placed on post-release control, it was in 1997 for the offense of gross sexual imposition. Appellant was required to report while on post-release control for a period of five years. He was incarcerated for the gross sexual imposition charge and released from prison on June 29, 1997, at which time he was placed on post-release control and required to report to Coats.
 {¶ 8} Coats testified that appellant was found to be a parole violator on July 9, 1997 for failure to report, at which time he was released back on to post-release control. Appellant was found to be a parole violator again in October 1997 for failure to report but, again, his post-release control was continued. On March 18, 1998, appellant was arrested and incarcerated again as a parole violator for failure to report. He was released on April 3, 1998. Coats testified that on June 25, 1998, appellant was found to be a parole violator at large and, as a result, he was incarcerated on December 15, 1998. He was released on January 28, 2000. On March 31, 2004, appellant was released from post-release control.
 {¶ 9} David Tompkins, a detective in the sex crimes unit of the Cuyahoga County Sheriff's Department, testified for the state. He was employed with that unit since July 1997. His duties include registering individuals who come to the unit, as well as filing the charges for the failure to verify and failure to change one's address. He testified that appellant was required to complete an annual address verification by July 7 and failed to do so. Detective Tompkins testified that appellant was sent a reminder letter during the month of June and then sent a certified warning letter on July 21. He testified that appellant provided a change of address on March 26, 2004. He further testified that when appellant provided a change of address on March 26, 2004, he received a sex offender registration form which indicated when he was to register.
 {¶ 10} Detective Tompkins also testified that appellant was convicted of gross sexual imposition, which is an offense that makes an individual a sexually oriented offender. Appellant received a six-month sentence for the gross sexual imposition offense and was released from prison on June 29, 1997. At the time of his release, he did not have a duty to register. Detective Tompkins testified that appellant was returned to prison for a parole violation in March 1998. Detective Tompkins testified that the statute requiring a sexually oriented offender to register did not take effect until July 1, 1997. He further testified that an individual released from prison after July 1, 1997, who has been convicted of a sex offense and deemed a sexually-oriented offender, must report to the sheriff's department and register annually for ten years.
 {¶ 11} Detective Tompkins identified state's exhibit 3, which was an unclaimed certified piece of mail sent to the address appellant provided on March 26, 2004 to the sheriff's department. He further testified that since appellant was released from prison on the parole violation after the July 1, 1997 date, he was required to register. Detective Tompkins testified that state's exhibit 4 informed appellant that he had a duty to register on July 7, 1997. Detective Tompkins testified that appellant signed the registration form in the sheriff's office on July 7, 1997. Detective Tompkins testified that appellant was incarcerated on March 18, 1998 for a parole violation in the gross sexual imposition offense and was released in April 1998, at which time he was required to register his address with the sheriff's department. Detective Tompkins testified that appellant's conviction of gross sexual imposition automatically made him a sexually oriented offender. When appellant was released from prison on June 29, 1997, he was notified by the prison that he was a sexually oriented offender. However, it was only after appellant's release from prison for the parole violation in April 1998 that, by operation of law, he was required to register.
 {¶ 12} Appellant now appeals the trial court's decision.
 II. {¶ 13} Appellant's first assignment of error states the following: "Plain error occurred with the admission of unfairly prejudicial evidence in violation of appellant's rights under Article I, Section 16 of the Ohio Constitution and theFourteenth Amendment to the United States Constitution."
 {¶ 14} Appellant's second assignment of error states the following: "Appellant was denied her right to effective assistance of counsel guaranteed by Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendment to the United States Constitution when her attorney failed to object to unfairly prejudicial evidence."
 III. {¶ 15} Article I, Section 16 of the Ohio Constitution states the following: "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."
 {¶ 16} Crim.R. 52(B) states the following: "(B) Plain error. — Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."
 {¶ 17} To constitute plain error, the error must be obvious on the record, palpable, and fundamental, so that it should have been apparent to the trial court without objection. See State v.Tichon (1995), 102 Ohio App.3d 758, 767. Moreover, plain error does not exist unless the appellant establishes that the outcome of the trial clearly would have been different but for the trial court's allegedly improper actions. State v. Waddell (1996),75 Ohio St.3d 163. Notice of plain error is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Phillips (1995),74 Ohio St.3d 72, 83.
 {¶ 18} R.C. 2950.06(F) states the following:
"(F) No person who is required to verify a current residence, * * * shall fail to verify a current residence, * * * in accordance with those divisions by the date required for the verification as set forth in division (B) of this section, * * *."
 {¶ 19} Appellant argues it was plain error to unfairly admit certain prejudicial evidence. However, appellant's counsel never objected to the GSI sentence testimony or parole violation testimony at the trial court level.
 {¶ 20} Ordinarily, reviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed. Nor do appellate courts have to consider an error which the complaining party could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. State ex rel. QuartoMining Co. v. Foreman (1997), 79 Ohio St.3d 78.
 {¶ 21} Assuming arguendo appellant had objected in a timely fashion, his argument would still lack merit.
 {¶ 22} The elements of the crime for which appellant was charged require that the state prove that appellant committed GSI, was classified as a sexually oriented offender, was obligated to register as a sexually oriented offender and was obligated to verify his current address and failed to do so.
 {¶ 23} Therefore, under the circumstances of this particular case, it was necessary to introduce evidence of appellant's prison sentence and GSI conviction. Appellant's duty to register was only triggered because he was reincarcerated after July 1, 1997 on the underlying offense of GSI, based on a violation of post-release control.
 {¶ 24} On July 1, 1997, the law changed and registration for sexual offenders began. Appellant fell into a small group of persons incarcerated for a sex offense prior to July 1, 1997, which is the time that the law regarding registration and notification to register was being enacted into law. Testimony on appellant's release from incarceration on the underlying GSI offense, on June 29, 1997, and further testimony of his reincarceration in April 1998, proves appellant had the duty to register.
 {¶ 25} On June 29, 1997, appellant's initial release date, appellant did not have a duty to register as a sexually oriented offender. However, additional incarceration based on the underlying GSI offense, taking appellant's stay in prison past July 1, 1997, would automatically require appellant to register as a sexually oriented offender.
 {¶ 26} Therefore, eliciting testimony covering the issues appellant objected to was necessary. The state could not have proven each element of the offense without this testimony. The indictment requires that the element "having previously been classified as a sexually oriented offender" be proved, as well as the element that "Anthony Brown was classified as a sexually oriented offender on the 11th day of April 1997."
 {¶ 27} Appellant's duty to register as a sexually oriented offender commenced only because appellant was reincarcerated on a parole violation after July 1, 1997. Therefore, it was necessary to prove, via his prison number, that his incarceration in April 1998 was under the same prison number as his original incarceration. If appellant had never committed a parole violation after his original incarceration, appellant would never have had the duty to register, as he was released from prison prior to July 1, 1997.
 {¶ 28} Deputy Brzozowski testified that appellant knew he had a duty to register, registered in the past, initialed the form, and was provided with July 7, 2004 as his next required registration date.
 {¶ 29} Accordingly, appellant's first assignment of error is overruled.
 {¶ 30} In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington
(1984), 466 U.S. 668; State v. Brooks (1986),25 Ohio St.3d 144.
 {¶ 31} In reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner.State v. Smith (1985), 17 Ohio St.3d 98; Vaughn v. Maxwell
(1965), 2 Ohio St.2d 299.
 {¶ 32} The Supreme Court of Ohio, with regard to the issue of ineffective assistance of counsel, held in State v. Bradley
(1989), 42 Ohio St.3d 136, that:
"`When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.' State v. Lytle
(1976), 48 Ohio St.2d 391, 396-397, 2 O.O.3d 495, 498,358 N.E.2d 623, 627, vacated in part on other grounds (1978), 438 U.S. 910. This standard is essentially the same as the one enunciated by the United States Supreme Court in Strickland v. Washington
(1984), 466 U.S. 668. * * *.
"Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. `An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison,449 U.S. 361, 364-365 (1981).' Strickland, supra, at 691."
State v. Bradley, supra, at 141, 142.
 {¶ 33} Although appellant claims that his counsel was ineffective because he "failed to object to all the prejudicial evidence,"[2] it should be noted that counsel did object numerous times during the course of the trial. Counsel's objections include, but are not limited to, the following: Tr. 72, 73, 75, 82, 83, 87, 114, 115, 117. Trial counsel even moved for a direct verdict at the close of the state's opening statement. Although the motion was denied, it shows trial counsel was functioning well within the range of reasonable professionalism.
 {¶ 34} A review of the record demonstrates that counsel represented his client in a professional manner. Counsel began trial by asking for an acquittal after opening statements and objected continuously throughout the course of trial. Testimony was properly adduced and admitted. The evidence did not indicate that the result would have been different if counsel had objected.
 {¶ 35} Accordingly, appellant's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Gallagher, J., concur.
[1] Although appellant refers to himself as a female throughout his brief and assignments of error, the sex offender registration card, as found in the record, lists appellant's gender as male. We will, therefore, refer to appellant as a male throughout.
[2] See appellant's brief, p. 18.