[Cite as *State v. Swift*, 2014-Ohio-4041.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.      27084 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KEVIN B. SWIFT | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CR 13 02 0561 |

DECISION AND JOURNAL ENTRY

Dated: September 17, 2014

MOORE, Judge.

{¶1}    Defendant, Kevin Swift, appeals from the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}    In 2013, Mr. Swift was indicted on charges of rape, gross sexual imposition, and domestic violence, stemming from an incident involving his ex-girlfriend.  The indictment was later amended to include charges for violating a protection order and intimidation of a crime victim or witness.  Mr. Swift pleaded not guilty, and the case proceeded to jury trial.  The jury found Mr. Swift guilty of the charges, except for violation of a protection order.  The trial court sentenced him to seven years in prison.  Mr. Swift timely appealed, and he now raises one assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

[MR. SWIFT'S] RIGHT TO A FAIR TRIAL WAS PREJUDICIALLY COMPROMISED BY THE TRIAL COURT'S FAILURE TO EXCUSE PROSPECTIVE JURORS FOR CAUSE DURING THE VOIR DIRE PROCESS.

{¶3}   In his sole assignment of error, Mr. Swift argues that the trial court erred in not removing several venirepersons for cause because they disclosed by their answers during voir dire that they could not be fair and impartial.  We disagree.

{¶4}   In *Hall v. Banc One Mgt. Corp.*, 114 Ohio St.3d 484, 2007-Ohio-4640, ¶ 30-33, the Ohio Supreme Court distinguished the standard of review for "principal challenges" contained in former R.C. 2313.42(A)-(I) and "challenges to the favor," pursuant to former R.C. 2313.42(J).  If a principal challenge is found valid, "the court [must] dismiss the prospective juror, [and may] not [] rehabilitate or exercise discretion to seat the prospective juror upon the prospective juror's pledge of fairness[.]"  *Id.* at ¶ 36.  Challenges to the favor are made pursuant to former R.C. 2313.42(J), now R.C. 2313.17(B)(9), which provides it is a good cause challenge to a potential juror where the person "discloses by the person's answers that the person cannot be a fair and impartial juror or will not follow the law as given to the person by the court."  The determination of a challenge to the favor requires an exercise of judicial discretion.  *Hall* at ¶ 38; *State v. Maxwell*, 139 Ohio St.3d 12, 32, 2014-Ohio-1019, ¶ 94.  Therefore, on a challenge to a potential juror made pursuant to R.C. 2313.17(B)(9), "[t]he determination whether a prospective juror should be disqualified for cause is a discretionary function of the trial court, and the trial court's determination will not be reversed on appeal unless there has been an abuse of discretion."  *State v. Speer*, 124 Ohio St.3d 564, 2010-Ohio-649, ¶ 99, citing *Berk v. Matthews*, 53 Ohio St.3d 161 (1990), syllabus; *Hall* at ¶ 38.  An abuse of discretion connotes that the trial

court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "As long as a trial court is satisfied, following additional questioning of the prospective juror, that the juror can be fair and impartial and follow the law as instructed, the court need not remove that juror for cause." *State v. Moss*, 9th Dist. Summit No. 24511, 2009-Ohio-3866, ¶ 11.

{¶5} "However, a defendant who does not present a challenge for cause 'waive[s] any alleged error in regard to [that] prospective juror.'" *State v. Mammone*, 139 Ohio St.3d 467, 2014-Ohio-1942, ¶ 78, quoting *State v. Jackson*, 107 Ohio St.3d 53, 2005-Ohio-5981, ¶ 39. "Under those circumstances, plain-error review applies." *Mammone* at ¶ 78, citing *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, ¶ 89-90.

{¶6} Pursuant to Crim.R. 52(B), a plain error or defect that affects a substantial right may be noticed although it was not brought to the attention of the trial court. "A plain error must be obvious on the record, such that it should have been apparent to the trial court without objection." *State v. Kobelka*, 9th Dist. Lorain No. 01CA007808, 2001 WL 1379440, *2 (Nov. 7, 2001). As notice of plain error is to be taken with utmost caution and only to prevent a manifest miscarriage of justice, the decision of a trial court will not be reversed due to plain error unless the defendant has established that the outcome of the trial clearly would have been different but for the alleged error. *Kobelka* at *2, citing *State v. Waddell*, 75 Ohio St.3d 163, 166 (1996), and *State v. Phillips*, 74 Ohio St.3d 72, 83 (1995). Because plain error review is available where the defendant has failed to challenge a juror for cause, we will refer to the error as having been "forfeited" instead of having been "waive[d]." *See Mammone* at ¶ 78, and *Kiewel v. Kiewel*, 9th Dist. Medina No. 09CA0075-M, 2010-Ohio-2945, ¶ 17.

{¶7} In his merit brief, Mr. Swift has challenged the trial court's failure to excuse six jurors (Jurors No. 8, 11, 13, 14, 16, and 25) for cause. Of those jurors, the defense only sought to excuse Juror No. 8 for cause. In regard to Juror No. 8, during voir dire, the juror requested to speak with the court and counsel at sidebar. During their conversation, the juror informed the court that his mother had been raped and had been involved in a domestic violence situation. The juror then explained:

> I'm like, I mean, the fact that I'm here, I couldn't wait to be here, you know, where I could be – I couldn't wait to be a part of the process, and I'd like to remain a part of the process. I think I can be fair, but I just thought you folks should know that. It's part of my history. It's part of who I am. It's part of what's molded me as a solid father for my two kids and I ain't going anywhere, you know. It's a tragic situation. My mom's life. And the guy was incarcerated, but not for the rape of my mom, but for the rape of my – my aunt, you know. And so it's just – it's disgusting, but as belief – I believe that you should all know that. I believe I can be fair, you know. * * *

The following exchange then occurred:

> [THE STATE]: * * * Do you think, even though that's hard for you based on just the – I read your body language and the way you spoke on so sincerely, do you think you can put that aside and base this case and the verdict on the evidence that is presented?
>
> JUROR NO. 8: I believe so, I'm 27 years removed from the incident, but I'm never removed from it, but I think I can absolutely be fair.

{¶8} Thereafter, the juror explained, "I'll never forget. But I just want to be fair. And I can be. I believe I can be. I just thought everybody should know my makeup, I guess."

{¶9} Defense counsel challenged Juror No. 8 for cause, during which the following exchange took place:

> [DEFENSE COUNSEL]: And, Judge, I just – with regard to No. 8, I think it was the one we just had in the back, I mean, he was near tears that whole time he was back there. He was visibly shaking. He said he could be fair and impartial, but I think the facts of what happened to him are too similar to this case. I think once we get further in he's going to find it more difficult.
>
> THE COURT: Well, I'm not going to excuse him for cause.

[DEFENSE COUNSEL]: All right.

THE COURT: But, of course, you can use your peremptory.

Thereafter, defense counsel exercised a peremptory challenge with regard to Juror No.8, and he exhausted all peremptory challenges, except as to the alternates. *See Hale*, 2008-Ohio-3426, at ¶ 87.

{¶10} On appeal, Mr. Swift argues that the trial court erred in refusing to excuse Juror No. 8 for cause because his responses raised a suspicion of prejudice or partiality, and he relies on R.C. 2313.17(B)(9) in support. R.C. 2313.17(B)(9) sets forth that a venireperson who "discloses by the person's answers that the person cannot be a fair and impartial juror or will not follow the law as given to the person by the court" provides good cause for a challenge.

{¶11} However, as set forth in our recitation of the responses of Juror No. 8 above, he indicated that he could be fair. Although he at times phrased this sentiment in terms that he thought or believed that he could be fair, the juror expressed no indication that he *could not* be fair or impartial. Mr. Swift argues that any answer by a venireperson "suggestin*g*" that he cannot be fair and impartial will be enough to disqualify him, even if he specifically answers in the affirmative to the direct question that he believes he can be fair and impartial. Mr. Swift maintains that this reading of the statute is required because "It is virtually axiomatic that no person (unless intentionally trying to escape jury service) would admit to not being fair and impartial." Mr. Swift does not cite any authority for the proposition that any answer given by a juror which conceivably could be construed to suggest partiality *requires* dismissal. *See* App.R. 16(A)(7) (appellant's brief to contain "the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies"). Our

research has uncovered no authority standing for this proposition. To the contrary, we note that a similar proposition was advanced in *State v. Allen*, 73 Ohio St.3d 626, 628-629 (1995). There the appellant argued that a juror's belief in his own impartiality is insufficient to support a trial court's determination that the juror is unbiased. The Ohio Supreme Court rejected this argument reasoning that "the trial judge saw and heard [the juror] and could legitimately validate [the juror's] statements." *Id.* at 629. Accordingly, we decline to read the statute in the manner advanced by Mr. Swift. The trial court did not abuse its discretion in failing to remove Juror No. 8 for cause.

{¶12} Next, in regard to Juror No. 13, although Mr. Swift states that "it is clear that Juror [No.] 13 became [Juror No.] 1," the record reveals that the trial court excused Juror No. 13 prior to the exercise of the parties' peremptory challenges, based upon hardship due to the juror's child care and work issues. Accordingly, Mr. Swift's argument pertaining to Juror No. 13, which is premised upon the juror being seated on the jury, lacks merit.

{¶13} Because Mr. Swift did not challenge the remaining jurors for cause, his arguments regarding the remaining jurors are forfeited except for plain error review. *See Mammone*, 2014-Ohio-1942, at ¶ 78. However, Mr. Swift did not advance a plain error argument in regard to any jurors other than Juror Nos. 13 and 14. However, as set forth above, Juror No. 13 was excused for hardship by the trial court. As Mr. Swift did not challenge Jurors No. 11, 16, or 25 for cause, and he did not present a plain error argument in regard to these jurors on appeal, we will limit our plain error review to the purported plain error pertaining to Juror No. 14. *See State v. Hairston*, 9th Dist. Lorain No. 05CA008768, 2006-Ohio-4925, ¶ 11 (this Court will normally not sua sponte undertake a plain-error analysis if a defendant fails to do so).

{¶14} In regard to Juror No. 14, this juror informed the trial court during voir dire that he/she had been a victim of an armed robbery. The following exchange then occurred:

[DEFENSE COUNSEL]: Was being the victim of that crime, would that make it hard for you to be fair on this jury?

JUROR NO. 14: I would like to say yes, but I really can't honestly say that. I feel terrible saying that, but –

[DEFENSE COUNSEL]: Why should you? I mean, Mr. Swift would rather know, that, hey, I might have a hard time with this, you know, the streets are getting bad in Akron. We want to know that. If that's the way you feel, it's good that you're honest. Thank you.

{¶15} In his brief, Mr. Swift reads the statement of Juror No. 14 to interpret it as the juror admitting that based upon his/her experience, it "would be hard for him/her to be fair." This is not what Juror No. 14 stated. Instead, in response to whether his/her experience *would make it hard* for him/her to be on a jury, the juror responded that he/she honestly *could not say* that it would make it hard to be fair. Counsel did not attempt to clarify the question or the response, even though the juror did not complete his/her sentence. As Mr. Swift's plain error argument as to Juror No. 14 is premised upon his interpretation of the juror's answer which is contrary to the literal meaning of the answer provided, his argument lacks merit. *Kobelka*, 2001 WL 1379440, at *2 (plain error "must be obvious on the record").

Therefore, Mr. Swift's sole assignment of error is overruled.

### III.

{¶16} Accordingly, Mr. Swift's sole assignment of error is overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

BELFANCE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

BRIAN J. WILLIAMS, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.