[Cite as *State v. Davis*, 2015-Ohio-5159.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                    Court of Appeals No. L-14-1274

    Appellee                                Trial Court No. CR0201402430

v.

Ansell Davis                                     **DECISION AND JUDGMENT**

    Appellant                               Decided:  December 11, 2015

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Neil S. McElroy, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Ansell Davis, appeals the November 26, 2014

judgment of the Lucas County Court of Common Pleas which, following a jury trial

convicting him of two counts of felonious assault, sentenced appellant to 12 years of

imprisonment.  Because we find that the appeal lacks merit, we affirm.

{¶ 2} Appellant was indicted on September 8, 2014, on two counts of felonious assault, R.C. 2903.11(A)(1) and (D), second degree felonies, and one count of abduction, R.C. 2905.02(A)(2) and (C), a third degree felony. The charges stemmed from appellant's alleged physical assault of the victim on April 29, 2014, and physical assault and abduction of the same victim on August 25, 2014. The trial court's September 15, 2014 judgment entry ordered appellant to have no contact with the victim.

{¶ 3} On November 5, 2014, a subpoena was issued to the victim ordering her to appear and testify at appellant's November 24 trial. After the victim could not be located, a body attachment order was issued; the victim was finally arrested on November 26; however, the trial had concluded.

{¶ 4} On the morning of the November 24, 2014 trial and with the victim still missing, the court conducted a hearing to determine the admissibility of her statements to police under Evid.R. 804(B)(6). At the hearing, the state first noted that although it did not put the notice in writing, appellant's counsel was notified by telephone message the preceding Friday of the state's plan to produce the victim's statements through hearsay testimony. The message included specific case law the state intended to rely upon in the motion. The state noted: "I think I've done a substantial compliance with what 80[4](B)(6) requires and that's just make sure he has notice of this beforehand so he's not blind-sided, and we talked about it last week."

{¶ 5} The state then presented the testimony of the detective assigned to the case. Early on, the victim was cooperative in the investigation and expressed a desire to have

the case prosecuted. The detective stated that at some point it became difficult to contact her because she was staying at different locations out of fear for her safety.

{¶ 6} Just a few weeks before trial, the detective located the victim at municipal court and convinced her to speak with him and the prosecutor. The victim indicated that she was "scared to death" of appellant and feared that he or his family would harm her or her family. The victim was served with a subpoena on November 3, 2014. The Friday prior to the Monday, November 24 trial, the detective stated that after obtaining a material witness warrant he went to the address given by the victim in early November. The detective spoke with a woman who indicated that the victim had her vehicle and was going to pick up her daughter and leave town. The detective called the victim using the friend's cell phone because the victim would not answer his phone calls. The detective testified that he explained to the victim that there was a warrant for her arrest and she promised to appear in 45 minutes. The victim did not appear.

{¶ 7} The detective testified that he went back to the friend's house, determined where the victim's daughter attended school, and drove to that location and began surveillance. The vehicle the victim had been driving was spotted but was operated by a male friend who had been asked to pick up the daughter. The detective then used the friend's cell phone to speak with the victim. Again, the victim indicated that she would meet the officer. One half-hour to 45 minutes later, he called her again and she said she was still on the way. The victim did not arrive. The victim further informed the prosecutor that she would be present on the morning of trial; she never appeared.

3.

**{¶ 8}** As to the allegations of appellant's wrongdoing, the detective testified that from August 30, 2014, when appellant was incarcerated, to October 31, 2014, there were 269 calls placed by appellant to the victim's cell phone. The weekend immediately before trial there were 20 calls placed to her number. The detective testified that early on in the conversations, the victim was telling appellant that she was trying to dodge the police and prosecutor and that she had no real address. Appellant told the victim that she did not want to be in the way when he went to court.

**{¶ 9}** The court then found that appellant violated its order that he not contact the victim and that based on the content of the highlighted telephone conversations, appellant's purpose was to keep the victim from testifying. The court concluded that the victim's hearsay statements would be admissible.

**{¶ 10}** Following the jury trial, appellant was found guilty of two counts of felonious assault and this appeal followed. Appellant now raises two assignments of error:

> Assignment of Error No 1: The trial court abused its discretion when it admitted, over objection, hearsay testimony of the alleged victim under Evid.R. 804(B) despite the state's failure to provide written notice of its intention to introduce the statements.

> Assignment of Error No. 2: The trial court abused its discretion when it found that the alleged victim was unavailable.

4.

{¶ 11} We note that "the admission of evidence lies within the broad discretion of the trial court, and a reviewing court should not disturb evidentiary decisions in the absence of an abuse of discretion that has created material prejudice." *State v. Conway,* 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 62, citing *State v. Issa,* 93 Ohio St.3d 49, 64, 752 N.E.2d 904 (2001). An abuse of discretion is demonstrated where the trial court's attitude in reaching its decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 12} Hearsay is generally not admissible unless it falls under an exception to the exclusionary rule. Appellant challenges the trial court's determination that his wrongdoing resulted in the victim's failure to appear and testify at trial and, thus, was admissible under Evid.R. 804. Appellant also argues that the testimony was inadmissible because the state failed to provide prior written notice of its intent to use the victim's statements to police.

{¶ 13} Evid.R. 804 provides the following exception to the exclusion of hearsay:

The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

\* \* \*

*(6) Forfeiture by wrongdoing.* A statement offered against a party if the unavailability of the witness is due to the wrongdoing of the party for the purpose of preventing the witness from attending or testifying.

5.

However, a statement is not admissible under this rule unless the proponent has given to each adverse party advance written notice of an intention to introduce the statement sufficient to provide the adverse party a fair opportunity to contest the admissibility of the statement.

{¶ 14} Appellant's first assignment of error challenges the fact that prior written notice of the intent to use the hearsay evidence was not provided. Appellant did not object to the method in which he was informed that the victim was not going to appear and that her statement would be substituted. Thus, our review is limited to plain error. To prevail on a claim of plain error under Crim.R. 52(B), an appellant must demonstrate that the outcome would have been clearly different but for the alleged errors. *State v. Waddell,* 75 Ohio St.3d 163, 166, 661 N.E.2d 1043 (1996).

{¶ 15} Based on our review of the record, we cannot say that, absent the failure to provide written notice of the intent to use the victim's statement, the outcome of the trial would have been different. First, the state left defense counsel a detailed message as soon as it was apparent that the victim could not be located. Next, even without the victim's statement we cannot say that appellant would not have been found guilty. There was eyewitness testimony presented by neighbors identifying appellant as the perpetrator of the April offense. Further, the hotel clerk testified regarding the victim's scared demeanor and that there was blood coming from her nose (blood was later found on the dashboard of appellant's vehicle).

6.

{¶ 16} Based on the foregoing, we find that the court did not abuse its discretion when it admitted the victim's hearsay testimony under Evid.R. 804(B). Appellant's first assignment of error is not well-taken.

{¶ 17} In his second assignment of error, appellant contends that the state failed to prove that the victim's absence at trial resulted from his wrongdoing. In order for statements to be admissible under Evid.R. 806(B)(6), "the offering party must show by a preponderance of the evidence '(1) that the party engaged in wrongdoing that resulted in the witness's unavailability, and (2) that one purpose was to cause the witness to be unavailable at trial.' 2001 Staff Notes, Evid.R. 804(B)(6) [*State v. Hand,* 107 Ohio St.3d 378, 2006-Ohio-18, 840 N.E.2d 151], ¶ 84-87." *State v. Pickens*, 141 Ohio St.3d 462, 2014-Ohio-5445, 25 N.E.3d 1023, ¶ 158.

{¶ 18} Appellant argues that the testimony presented at the hearing was not sufficient to establish that she was unavailable for trial; it merely showed that she was unwilling to testify. The testimony presented at the hearing showed that the weekend prior to trial, appellant spoke with the victim, in violation of a court order, and told her to take a vacation and not be in town during the trial. Appellant stated that "[e]verybody play their part, everybody going to be happy."

{¶ 19} As set forth above, when the detective located the victim in early November and convinced her to meet at the prosecutor's office she specifically stated that she had been avoiding him out of fear for her and her family's safety. Further, the

testimony showed that the Friday prior to trial, the victim borrowed her friend's vehicle with the intent of picking up her daughter and leaving town.

{¶ 20} Based on the foregoing, we find that the trial court did not err when it found that appellant's wrongdoing caused the victim's unavailability. Appellant's second assignment of error is not well-taken.

{¶ 21} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Stephen A. Yarbrough, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.