**[Cite as *State v. Davis*, 2018-Ohio-4359.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                      Court of Appeals No. L-17-1313

      Appellee                              Trial Court No. CR0201402430

v.

Ansell Davis                                      **DECISION AND JUDGMENT**

      Appellant                            Decided:  October 26, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Ansell Davis, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This pro se appeal is before the court following the November 29, 2017

judgment of the Lucas County Court of Common Pleas denying appellant Ansell Davis'

motion for resentencing.  Because we find no error, we affirm.

**{¶ 2}** On November 26, 2014, appellant was sentenced to 12 years of imprisonment following a jury trial convicting him of two counts of felonious assault, R.C. 2903.11(A)(1) and (D), second-degree felonies. Appellant was also sentenced to a mandatory three-year term of postrelease control. This court affirmed appellant's convictions and sentence on direct appeal. *See State v. Davis*, 6th Dist. Lucas No. L-14-1274, 2015-Ohio-5159.

**{¶ 3}** On November 2, 2017, appellant filed a motion for resentencing arguing that the sentence was void because of the "lump sum" postrelease control sentence announced at the sentencing hearing and the discrepancy between the sentencing hearing and the postrelease control sentence in the trial court's November 2014 judgment entry. On November 27, 2017, the state opposed the motion arguing that statutory and case law prohibited consecutive postrelease control sentences and required that the defendant serve the longest term imposed. The court denied the motion on November 29, 2017. This appeal followed with appellant raising three assignments of error:

> First Assignment of Error: The trial court erred as a matter of law, and abused its discretion, where the trial court failed to comply with statutory requirements, where the trial court's journal entry and sentencing transcript differs from what was pronounced at sentencing concerning post-release control.

> Second Assignment of Error: The trial court erred as a matter of law, and abused its discretion, where the trial court's sentencing transcripts

2.

lump sum community control sentencing and instead its journal entry dated November 26, 2014 imposed a specific community control sentence for each count for post-release control, violating the separation-of-powers concerns and to fulfill the statutory requirements of the post-release control statutes, especially, R.C. 2929.19(B)(3)(c) and (e), and R.C. 2967.28.

Third Assignment of Error:  Trial counsel was ineffective for his failure to object to statutory provisions violating appellant's Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

{¶ 4} Appellant's first assignment of error asserts error in the trial court's alleged discrepancy in postrelease control sentencing from the sentencing hearing and the sentencing judgment entry.  At the November 24, 2014 sentencing hearing the court stated:  "As a result of this conviction, defendant is subject to a mandatory term of three years of post-release control."  The court's November 26, 2014 judgment entry provides: "It is further ORDERED the defendant is subject to 3 years mandatory post-release control as to count 1, 3 years mandatory post-release control as to count 2, after the defendant's release from imprisonment pursuant to R.C. 2967.28 and 2929.14."

{¶ 5} R.C. 2967.28 provides for the imposition of postrelease control and states that for a second-degree felony, the period shall be three years.  R.C. 2967.28(B)(2). R.C. 2967.28(F) further provides:

3.

(4) Any period of post-release control shall commence upon an offender's actual release from prison. If an offender is serving an indefinite prison term or a life sentence in addition to a stated prison term, the offender shall serve the period of post-release control in the following manner:

* * *

(c) If an offender is subject to more than one period of post-release control, the period of post-release control for all of the sentences shall be the period of post-release control that expires last, as determined by the parole board or court. Periods of post-release control shall be served concurrently and shall not be imposed consecutively to each other.

{¶ 6} Thus, by operation of statute, appellant could only be subject to one three-year period of postrelease control. *See State v. Reed*, 6th Dist. Erie No. E-11-049, 2012-Ohio-5983, ¶ 12; *State v. Orr*, 8th Dist. Cuyahoga No. 96377, 2011-Ohio-6269, ¶ 50. There was no "lump sum" imposition of postrelease control. Appellant's first assignment of error is not well-taken.

{¶ 7} Appellant's second assignment of error similarly argues that the court "modified" his sentence between the sentencing hearing and judgment entry by adding an additional three-year postrelease-control term. Along this vein, appellant contends that this modification violated Crim.R. 43 which requires that a defendant "must be physically

4.

present at every stage of the criminal proceeding and trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence."

{¶ 8} Based on our disposition of appellant's first assignment of error, we reject appellant's argument that the court modified his sentence. Further, there is no evidence presented to support appellant's contention that he was not present at all stages of the proceedings. Appellant's second assignment of error is not well-taken.

{¶ 9} Appellant's third and final assignment of error contends that trial counsel was ineffective in failing to object to the court's failure to impose postrelease control for his conviction under Count 2. As set forth above, the trial court did not err in imposing appellant's sentence. Thus, trial counsel was not ineffective by failing to raise meritless objections. (Citations omitted.) *State v. Pariscoff*, 10th Dist. Franklin App. No. 09AP-848, 2010-Ohio-2070, ¶ 37. Appellant's third assignment of error is not well-taken.

{¶ 10} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

5.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                    _____
                                                          JUDGE

Arlene Singer, J.

                                            _____
James D. Jensen, J.                                       JUDGE
CONCUR.

                                            _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.